IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MATILDA COHEN,

     Plaintiff,

v.                                                       CASE NO. 5:16-cv-31-MCR-GRJ

LORENZO PEARSON and
CLARISSA PEARSON,

     Defendants.

_____/

## ORDER AND
## <u>REPORT AND RECOMMENDATION</u>

Defendants Lorenzo Pearson and Clarissa Pearson removed this

matter from the County Court in and for Bay County, Florida, to federal

court and seek leave to proceed *in forma pauperis*.  ECF No. 3.

Defendants' motion, ECF No. 3, is **GRANTED** for the limited purpose of

recommending that the case be remanded for lack of subject matter

jurisdiction.

The removal pleadings reflect that Matilda Cohen, a resident of the

state of Georgia, is the owner of a condominium at Summit Condominiums

(Unit 103) in Panama City, Florida.  ECF No. 1 at 15-18.  Defendants were

the tenants of the unit.  Ms. Cohen filed a Complaint for Unlawful Detainer

in Bay County court on January 26, 2016, seeking to recover possession of the unit following Defendants' nonpayment of rent. *Id*. The exhibits to Defendants' notice of removal reflect that Ms. Cohen served a Notice to Quit claiming that Defendants at that time were indebted to her in the amount of $450.00 for unpaid rent.   ECF No. 1 at 6.  Defendants allege that the condominium was contaminated with mold and that Plaintiff's state-court suit was an attempt to cover up the mold problem.  Defendants seek to "avoid the state unlawful detainer action," payment of their moving costs, an order requiring all of the units at Summit Condominiums to be tested for mold, proper installation of ventilation, and a 30-day period to file a federal suit "pursuant to the issues of painted over black mold/mold and any damages it has caused us." *Id*. at 1-4.  Defendants allege that this Court has jurisdiction over their claims pursuant to 28 U.S.C. § 1332, and that the amount in controversy exceeds $75,000 based on the value of the condominium.

It is well established that federal courts are obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking.[1] Pursuant to 28 U.S.C. § 1332(a)(1), the Court has jurisdiction over cases

---

[1] See Cadet v. Bulger, 377 F.3d 1173, 1179 (11th Cir. Fla. 2004).

where there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000.  Further, the Court has subject matter jurisdiction over cases involving a federal question.[2]

Here, the Complaint, which seeks to enforce the landlord's rights under Florida law, does not reference any federal statute or federally created right that might be implicated in this case.   Accordingly, the only arguable basis for subject matter jurisdiction would be diversity of citizenship.  Assuming, as Defendants represent, that diversity of citizenship exists because Plaintiff is a citizen of Georgia and Defendants are either citizens of Alabama or Florida, it is clear that the amount in controversy falls far short of the amount in controversy required under 28 U.S.C. § 1332(a)(1), which must exceed $75,000.  Contrary to Defendants' assertion, the value of the condominium, even if greater than $75,000, does not satisfy the amount-in-controversy requirement.  The exhibits provided by Defendants reflect that Plaintiff is seeking to recover a $450 indebtedness for unpaid rent and perhaps additional rent that has accrued since the Complaint was filed on January 26, 2016.

Under these circumstance, the Court may remand *sua sponte* for

---

[2] 28 U.S.C. § 1331.

lack of subject matter jurisdiction.  *See, e.g., Wisconsin DOC v. Schacht*, 524 U.S. 381, 392 (1998) (holding that remand where removal is defective because of lack of subject-matter jurisdiction "may take place without such a motion [to remand] and at any time.").  Accordingly, the undersigned concludes that this Court lacks subject matter jurisdiction over this matter and it is due to be remanded *sua sponte* to state court.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that the Court direct the Clerk to remand the case to state court (in the 14th Judicial Circuit, Bay County) and to close the file and terminate all pending motions.

**IN CHAMBERS** in Gainesville, Florida, on the 31st day of March 2016.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**